FILED
JUN 16 2008
[signature] CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| HEATHER SPOMER, | ) | CIV08-4083 |
| PLAINTIFF, | ) | |
| VS | ) | **COMPLAINT** |
| | ) | |
| PILOT TRAVEL CENTERS, LLC., | ) | |
| DEFENDANT. | ) | |

## JURISDICTION

(1) This is a sexual harassment and retaliation claim arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

(2) Plaintiff Heather Spomer (Spomer) is an adult female resident of Sioux Falls, South Dakota.

(3) At all times pertinent to this action, Pilot Travel Centers, LLC ("Pilot") operated a gas station business located in Sioux Falls, South Dakota.

(4) Spomer initiated a charge of discrimination with the South Dakota Division of Human Rights on or before October 31, 2006 and was mailed a Notice of Right to Sue on March 19, 2008.

(5) This Court has jurisdiction over Plaintiff's sexual harassment and retaliation claims pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343(4). Venue is proper in accordance with 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000-5(f)(3).

## FACTUAL ALLEGATIONS

(6) Spomer was hired by Pilot Travel Centers, LLC on July 21, 2005.

(7) Spomer performed her position in a manner that met Pilot's expectations.

(8) In May 2006, Spomer approached a co-employee, Richard Clark, about his failure to perform his job duties. Clark was infuriated.

(9) On June 14th, 2006, Spomer again saw Clark performing his job duties in a manner contrary to Pilot's directives. When she confronted him, Clark replied: "You need to fuck off. No, you know what you need? You need some dick."

(10) Spomer reported this sexually harassing remark to supervisor James Girnell.

(11) Girnell interviewed both Spomer and Clark about Spomer's sexual harassment report. Spomer overheard Clark tell Girnell "that fucking bitch was trying to tell me what to do."

(12) Girnell responded to Spomer's sexual harassment report by telling Spomer she should not give instructions to Clark and to "leave him alone." He did not address Clark's use of sexual harassing language.

(13) Spomer called Girnell to give her two week notice because she did not want to work in a work environment where an employee could use offensive language. Girnell talked her out of resigning and assured her that he would address Clark's comments.

(14) When Spomer returned to work the next day, she learned that Mr. Girnell had himself quit the night before.

(15) In July, 2006, the regional manager and the general manager Pat Nichols met with Spomer individually, praised her hard work and offered her a $.78 raise. At the meeting Spomer reported that sexually harassing remarks and hostile behavior of Clark and reported that she felt she was being retaliated in the work place on a regular basis because she had made a sexual a harassment report against Clark. In response to her report of retaliatory treatment, they told Spomer to just do her job duties and ignore the other employees.

(16) On Monday, July 3, 2006, Clark became angry when he perceived that Spomer was taking too much time at her job duties. Clark stated to a co-employee, "I'm not waiting for that stupid bitch all day. I have shit to do."

(17) Clark observed Spomer documenting a report about this offensive comment and handing it to Nichols.

(18) Clark then addressed Spomer again, called her a "lazy bitch" and suggested that Spomer should quit. Spomer advised him to do his own job and leave her alone.

(19) Clark then asked Spomer to cash his paycheck. When Spomer waited on a customer before cashing Clark's check, Clark yelled, "Cash my fucking check, bitch" and told her to get her "fucking ass" busy cashing his check.

(20) When Spomer continued to wait on a customer, Clark left the store then returned and began insisting again that Spomer immediately cash his check. He physically grabbed at Spomer, threw a set of keys at her and repeatedly called Spomer a bitch.

3

(21) Spomer called her supervisor and the police to report the assault.

(22) Spomer waited at the Pilot store until the police arrived; while she waited Clark continued to make threatening remarks and encouraged other employees to join in berating and hollering at Spomer in an attempt to frighten and intimidate her from making a police report.

(23) Spomer refused to leave until the police arrived.

(24) On July 4, 2006 Spomer reported for work the following day and was instructed that she should go home instead of working because Clark was at work and was refusing to work with her.

(25) On July 5, 2006 Spomer reported for work and made another report about Clark's hostile and sexually offensive comments and behaviors to the general manager. Immediately after she made her report, Spomer heard Clark tell the general manager that it was "bullshit" that Spomer was still working at Pilot.

(26) When Spomer's complaints about Clark had not been addressed, she again reported the sexually harassing and threatening behavior to Pilot management on July 10, 2006.

(27) On July 10, 2006 Spomer learned that Clark had reported that she had called him a racially derogatory name. Spomer informed Pilot management that this was a lie and further informed Pilot management that Spomer would not use that word as she has black family members and friends and finds it offensive.

(28) On July 11, 2006 Spomer was fired from employment for allegedly making a racially offensive remark.

## COUNT ONE:   SEXUAL HARASSMENT BY PILOT

(29) Spomer reasserts her allegations from paragraphs 1-28 herein.

(30) Spomer repeatedly reported sexually harassing and physically threatening behavior from Clark between June 2006 and July 2006.

(31) Pilot management heard Clark make sexually derogatory remarks directed at Spomer between June 2006 and July 2006.

(32) Pilot management was aware that Clark had physically assaulted and threatened Spomer in an effort to make her quit her job in July 2006.

(33) Pilot management failed to make any investigation into Spomer's reports of sexually harassing and physically threatening behavior.

(34) Pilot management failed to take any remedial action to address Clark's sexually harassing and threatening behavior.

(35) Spomer last reported sexually harassing behavior from Clark on July 10, 2006.

(36) Spomer was fired July 11, 2006.

(37) Pilot treated Spomer's allegation of sexual harassment differently than it treated Clark's allegations of racial discrimination.

(38) As a result of the sexual harassment, including physical assault and intimidation, that she endured in the Pilot workplace, Spomer suffered physical illness, stress, humiliation, anxiety, lost wages, benefits, incurred costs and related expenses as a result of being unemployed and incurred costs and related expenses as a result of seeking medical help for her stress.

(39) Pilot's actions and inactions were willful, reckless and malicious.

## COUNT TWO:   RETALIATION BY PILOT

(40)   Spomer reasserts her allegations from paragraphs 1-39 herein

(41)   Spomer had a reasonable basis to believe that she was being subject to sexual harassment by Clark in the Pilot workplace between June 2006 and July 2006.

(42)   Pilot management heard Clark make sexually derogatory remarks directed at Spomer between June 2006 and July 2006.

(43)   Pilot management was aware that Clark had physically assaulted and threatened Spomer in an effort to make her quit her job in July 2006.

(44)   Pilot management failed to make any investigation into Spomer's retaliatory behavior.

(45)   Pilot management failed to take any remedial action to address Clark's sexually harassing and threatening behavior.

(46)   Spomer last reported sexually harassing behavior from Clark on July 10, 2006.

(47)   Spomer was fired July 11, 2006.

(48)   As a result of the retaliation she received for reporting the sexual harassment, including physical assault and intimidation, that she endured in the Pilot workplace, Spomer suffered physical illness, stress, humiliation, anxiety, lost wages, benefits, incurred costs and related expenses as a result of being unemployed and incurred costs and related expenses as a result of seeking medical help for her stress.

(49) Pilot's actions and inactions were willful, reckless and malicious.

WHEREFORE,  Spomer prays for judgment against Pilot as follows:

a.  For a trial by jury on the merits of her claims;

b. For compensatory damages for each of her claims in such amount as the evidence at trial may show;

c. For damages against Pilot, including but not limited to those damages allowed by 42 U.S.C. §2000 *et seq* and any other pertinent and applicable statute, rule or regulation, whether state or federal.

d. For punitive damages against Pilot for each of her claims in such an amount as the evidence at trial may show;

e. For costs and disbursements incurred herein, including back wages, prejudgment interest and reasonable attorney fees, and for such other and further relief as the Court may deem just.

Dated this 13 day of June, 2008.

JOHNSON & EKLUND LAW OFFICE

_____
Stephanie E. Pochop
P.O. Box 149
Gregory, SD 57533
Attorney for Plaintiff